PbaesoN, J.
 

 All the exceptions are withdrawn but that relative to voucher No. 4. That purports to be a receipt given by Samuel Newland to Thomas Butler,
 
 administrator
 
 of William 0. Butler, in full of one sixth part of a judgment against “
 
 the estate of Marry Tate,
 
 administrator.”
 
 Prima facie,
 
 therefore, it is not a proper voucher in favor of the defendant, who stands in the place of Thomas Butler,
 
 as gucin'dian
 
 of the heirs of William 0. Butler. The
 
 onus
 
 of offering an explanation and proving that the sum referred to was properly chargeable against the heirs, so as to convert it into a voucher for Thomas Butler as guardian, is upon the defendant. We concur with the master in the conclusion that these facts have not been satisfactorily established, and the exception is overruled.
 

 By the way of explanation, it is suggested that the receipt was intended to be drawn to Thomas Butler as guardian, and was, by mistake of the draftsman, -written to him as administrator, (he being the administrator of Wm, 0. Butler, and also guardian of his children.) In support of this position, the defendant relies on the fact that the debt to Newland was originally due by Mrs. Tate, who was the mother of the wife of William 0. Butler, all three of -whom were dead. So that, as was contended, William 0. Butler was not, in fact, liable for 'the debt, but the liability -was upon his wife as one of the heirs of Mrs. Tate, and after the death of Mrs. Butler, fell upon her heirs, who were the wards of Thomas Butler, and in behalf of whom he paid the money.
 

 
 *328
 
 There are two facts which oppose this suggestion, and tend to show that there was no mistake, and that the intention was to pay the mone3r as administrator and take a voucher accordingly. It appears by the record that Newland took a judgment against the administrator of Mrs. Tate, admitting the plea of “ no assets,” and issued a
 
 sci.fa.
 
 against her heirs, To this, "William C. Butler and wife were parties defendant. It is not shown whether Mrs. Butler died before or after the death of her husband. If-she survived him, then
 
 her heirs
 
 could not be made liable, unless a j udgment was taken against her administrator, and the fact established that she left no personal estate subject'to the payment thereof.
 

 But if we assume that the husband survived, then it seems that the
 
 sai. fa.
 
 was still proceeded on against him until his death. At April Term, 1842, his deatli is suggested. At July Term following, the sci. fa. was abated as to him. Erom this it would seem that the parties acted under the impression that
 
 he
 
 was liable for the debt, and that after his death, liis administrator paid it as a debt due by his estate. This inference is put beyond all question by the fact that, in the receipt under consideration, Newland adds a
 
 release
 
 of all further claim on his part against the
 
 estate of William C. Butler in said judgment.
 

 So, there was no mistake as to the form of the receipt. But it was insisted that although the money was paid, as upon a debt of William C. Butler, out of funds belonging to his estate, yet, under the doctrine of “substitution,” it can be set up against the heirs of Mrs. Butler. If a third person had been the administrator of William 0. Butler and made the payment, it would have taken
 
 a long shoot
 
 to reach the heirs of Mrs. Butler, upon the principle of substitution or any other principle, for a debt of Mrs. Tate. It must be borne in mind that the plaintiffs are entitled to the land as the heirs of their mother, and do not succeed to it as the heirs of their grandmother. We are at a loss to see any ground upon which Thomas Butler can be allowed to take any benefit from the
 
 accident
 
 that he was the administrator of William 0. Butler,
 
 *329
 
 and also the guardian of the children. Bnt waiving the objection that the payment was officious, and admitting that an administrator, or guardian, is at liberty to pay off debts without incurring the costs of a suit, yet it is clear, that if he does so, under circumstances like the present, he is bound to prove fully the liability of the fund in regard to which he seeks to use the payment as a voucher in his discharge.
 

 The form of this receipt furnishes an inference, that ¥m. 0. Butler had become liable to pay this debt as a debt of his wife; bnt waiving that difficulty, under the law, as it was at the time this transaction took place, land descending to an heir was not charged with the debts of the ancestor, except for two years after the death. The debt of the ancestor became a debt of the heir in respect to the land, and not as a charge on the land so as to be a clog upon alienation, (Eev. Stat. ch. 63, sec. 15 and 16,) for which the heir might be made liable
 
 if the personal estate
 
 was insufficient. In order, therefore, to reach the heirs of Mrs. Butler, it is necessary to prove that it was a debt for which she was liable. Here the defendant fails. There was a judgment against the administrator of Mrs. Tate, ascertaining the debt so as to bind the heirs, but they were not bound on the question of personal assets. Upon the sci. fa. they could make up a collateral issue and go into the question; but the sci. fa. was permitted to abate, and that question was not passed on in a way to bind Mrs. Butler, and we have nothing to supply it. There is no proof before us binding upon the heirs, which shows that the personal estate of Mrs. Tate was insufficient to pay this debt in the due course of administration.
 

 Again, suppose it be admitted that this was a debt for which Mrs. Butler was liable, then the question is, has the liability of the plaintiffs, as her heirs, been established ? In order to this, it was necessary to take a judgment against her administrator, and issue a sci. fa. against her heirs, so as to fix them. No such proceedings were had, and there is no .proof to supply the want of it. Eor aught that appears, Mrs. Butler, supposing her to have died in the life-time of her hus
 
 *330
 
 band, bad dioses in action, or effects not reduced into possession by the husband, which would constitute a fund in the hands of her administrator, for the payment of her debts. This may suggest a reason why the administrator of the husband paid the debt. But it is sufficient to say, that the defendant has not made the proof necessary to establish the liability of the heirs, so as to entitle him, under the doctrine of substitution, to convert this receipt into a voucher for him in discharge of the fund with which he is chargeable as the guardian of the plaintiffs.
 

 Per- CukiaM, The exception is over-ruled, and the report in all things confirmed.