Pearson, O. J.
 

 The plaintiffs are the sureties of the defendant, Bagley, on his bond, as guardian; they allege that Bagley fraudulently transferred four notes, which he held, as guardian, to the defendant, Newbold, and that Bagley is in
 
 *215
 
 solvent, and the object of the bill is to be substituted to the rights of the wards, to follow the fund for exoneration.
 

 The bill is fatally defective in this, there is no averment that the plaintiffs have paid the amount due to the wards, and they are not made parties. Where a surety pays the debt, he is entitled to an assignment of the securities, held by the creditor, and to substitution;
 
 Brinson
 
 v. Thomas, 2 Jones’Eq. 414; where he has not paid the debt, he may have relief, but the creditor must then be made a party;
 
 Bunting
 
 v.
 
 Ricks,
 
 2 Dev. and Bat. Eq. 130.
 

 As this objection was not taken on the hearing, and the argument was put on the evidence, which seems to be full on both sides, it is proper to decide the case on the merits. The allegations of the bill are not sustained by the proof in contradiction to the answer of the defendant, Newbold, in respect to the four notes, mentioned in the pleadings. As to two of them, the allegation that they came to the hands of Newbold, is very indefinite, and he denies it positively; it is matter about which he could not be mistaken, and the evidence is not sufficient to establish it in the face of his answer.
 

 As to the other two, he alleges that he advanced the money, in full, for them, at the request, and as the agent of the obligors, William and James Sumner ; the Sumners admit that they requested him to take them up, and afterwards substituted their notes, payable to Newbold, and took them up from him; but they say the agreement was, that he should take them up by giving Bagley a credit on a note, which he (New-bold) held against him, and upon which, William Sumner was a surety. It is clearly proved that Newbold did pay to Bagley
 
 thamount
 
 of the notes,
 
 in
 
 money, and that he discharged them at the
 
 request of the obligors.
 
 Whether he ought to have done so, with the money, or by a credit on Bagley’s note, is a matter which does not concern the plaintiffs, for the allegation of fraud, in respect to them, is met by the fact, that the notes were taken up at the request of the obligors.
 

 Per Curiam, Bill dismissed.