HENRY L. MYROVER v. ROBERT S. FRENCH, WILLIAM J. BROWN, Ex'r, and others.

F being indebted to M and K, executed a deed conveying certain lands to K, in trust, to secure these debts, and delivered the deed to an attesting witness, and requested him to prove the same and have it recorded. The witness did so. At the time of the execution of the deed K was absent and had no knowledge thereof, and died shortly afterwards. B, the executor of K, brought an action against F to recover the debt due his testator, and obtained judgment. The land conveyed in the deed of trust was sold under execution and B became the purchaser. Afterwards B sold the land to P. In an action brought against B by M to enforce the trust: *It was held,* That there having been a sufficient delivery of the deed, the title to the land passed to K in trust, and that B acquired no interest in the land by his purchase at execution sale, and that P only acquired an interest in the debt of K to the extent of the purchase money paid for the land, and should be subrogated to the rights of K under the deed of trust to that extent.

(*Snider* v. *Sackenhour.* 2 Ired. Eq. 360; *Ellington* v. *Currie,* 5 Ired. Eq. 21; *Thompson* v. *Parker,* 2 Jones Eq. 12; *Camp* v. *Cox,* 1 Dev. & Bat. 50; *McLean* v. *Nelson,* 1 Jones Eq. 396, cited and approved.)

CIVIL ACTION, in the nature of a Bill in Equity, tried before Kerr, J., at Spring Term, 1875, of the Superior Court of ROBESON county.

39

The action was brought for the purpose of ascertaining the rights of the parties under a deed of trust and for an account of the rents and profits of certain lands thereon conveyed.

All the facts necessary to an understanding of the case, as decided, are stated in the opinion of the Court.

Judgment was rendered in favor of the defendants, and thereupon the plaintiffs appealed.

*Hinsdale,* and *W. McL. McKay,* for the appellant.
*Leitch,* contra.

BYNUM, J.   Where a deed is prepared by the bargainor, signed and sealed by him, is attested at his request by witness, and without being delivered to or even seen by the bargainee, is, by the direction of the bargainée, proven in Court and registered, this amounts to a valid delivery.   *Snider* v. *Sackenhour,* 2 Ired Eq., 360.   *Ellington* v. *Currie,* 5 Ired. Eq., 21.

Here, French being in failing circumstances, and indebted to Myrover in the sum of $4,000, and to King, in the sum of $2,000, desired to secure the payment of these two debts, and to that end prepared, signed and sealed a deed for the land, had it attested and delivered it to one of the witnesses, whom he directed to prove and have it registered, which was accordingly done on the day of its execution.   The deed was made to King, one of the creditors, and in trust for the equal benefit of himself and Myrover.   At the time the deed was executed King was absent, and had no knowledge of it, was fatally injured, and in fact died within a few days thereafter. The case, therefore, falls literally within the decisions above cited, as to the delivery of the deed.   The accceptance of the trust is presumed, where it is made for the benefit of the creditor and trustee, and more particularly does this presumption exist, where it appears, as it does here, that Mr. French was probably insolvent, and his land was the last plank in the wreck by which King could save his debt.

There having been a delivery of the deed, the title to the land passed immediately to King, affected with the trust, King died leaving a last will, of which the defendant Brown was made the sole executor.  As such, Brown brought suit against French, upon the trust debt, and having recovered judgment, had the trust lands levied upon and sold under execution, purchased and took the sheriff's deed to himself for the benefit of the estate, and shortly thereafter sold and conveyed the land to the defendant Pane.

What interest did Brown acquire by his purchase?  As French had only a resulting trust to himself, this equitable interest was not the subject of sale under execution.  *Sprinkle* v. *Martin*, 66 N. C. Rep. 55.  But regarding it as an equity of redemption even it could not be sold under execution for the mortgage debt.  *Thompson* v. *Parker*, 2 Jones, Eq. 475, and *Shoffner* v. *Fogleman*, 1 Winst. Eq. 12.  The object of the act of 1812 was to make mortgaged estates available to other creditors, and not to disturb the fiduciary relations between the mortgager and mortgagee.  A Court of equity will not allow the mortgagee thus to purchase the equity of redemption and destroy that relation.  *Camp* v. *Cox*, 1 Dev. and Bat. 52.

Then Brown who represented the mortgage debt, acquired no interest in the land by his purchase at his own execution sale, and his sale and deed to Pane could pass no interest. The title still remained in the heirs of King, upon whom it devolved upon his death.  They held it as their ancestor did, subject to the trusts imposed upon it by French.  The death of the trustee, leaving the trust unexecuted cannot affect the rights of the *cestui que* trust, for it is a settled principle of equity, that a trust shall not fail for the want of a trustee. Where one is needed to carry out the purposes of the trust, the Court will always appoint a trustee.  Adams Eq. 36.  *McLean* v. *Nelson*, 1 Jones Eq. 396.  Although Brown and his grantee Pane, who can stand in no better condition by their purchase, acquired no interest in the land, legal or equitable,

yet they have acquired an interest in the King debt to the extent that the purchase money paid by them for the land, went in extinguishment of that debt. To that extent they will be considered in equity, as the purchasers and assignees of the King debt, and subrogated to the rights of King, under the deed of trust. The Court below will appoint a trustee in the place of King the former trustee, whose duty it will be to execute the trust according to its terms, by selling the land and appropriating its proceeds to the payment of the two secured debts, pro-rata until they are discharged. The defendants Brown and Paul, must account for the rents and profits of the land from the time they entered into the possession; the sum of which will constitute a part of the fund for the payment o the two debts and the costs of executing the trust.

The pleadings filed in the case have enabled us to ascertain and declare the rights of the parties, without recurring to the report of the referee, which is only noticed for the many errors it contains: For instance, it finds that Myrover had no debt against French, when the pleadings raise no such issue, but in legal effect admit the debt. It finds that the face of the Myrover note was " cancelled " and that that had the effect of destroying the debt and the liability of French as endorser thereon, which endorsement was not cancelled; whereas, such cancellation, of itself, does not have the effect of destroying the evidence of or the debt itself, much less the liability of the endorser.

It finds that Paul was a purchaser without notice, and therefore has a good title; whereas, Brown purchased at execution sale, and if he acquired any thing it was subject to all equities existing against it, and Paul claiming under Brown is no better off, and is affected with notice.

So it finds that there was no delivery of the deed of trust in fact, and therefore concludes that the deed was ineffectual to pass the title and void; whereas, there was a delivery and the estate passed to the trustee. It is unnecessary to pursue the matter further.

There was error. The judgment is reversed and the cause is remanded to the end that farther proceedings be had in accordance with this opinion.

PER CURIAM.                                    Judgment reversed.