His Honor, presiding in the court below sends to this court, substantially, the following facts:
Augustus R. Creecy died in November, 1872, and administration on his estate was granted to the defendant, Edward Pearce.
On the 21st of August, 1871, the intestate, Creecy, bought certain lands, and on the same day he conveyed the same by trust deed, in which his wife, Mary E., joined to convey her right of dower, to John Roberts to secure certain debts due him. Creecy nor his wife owned any other real estate whatever. No part was paid to Roberts during the life of Creecy, but was still due at his death.
(399) After Creecy's death, his widow, Mary E., filed her petition against the administrator and heirs at law, praying that the administrator be directed to sell the personal estate of his intestate, the two-thirds of the said land not encumbered by dower, and the reversion in the dower, (which had already been assigned to her,) and to apply the proceeds to the debt due Roberts, in exoneration of her dower.
Upon appeal to the Supreme Court, reported in 69 N.C. 67, the prayer as to the personal estate was refused, and the following order made: That a sale be made of the two-thirds of the land not embraced by the dower, and the reversion in the dower, and the proceeds thereof be applied to the Roberts debt, and that the residue of the Roberts debt be paid rateably out of the personal estate in the course of administration; and if any part remain yet unpaid of the Roberts debt, that the dower be sold and pay the same.
The administrator filed his petition in obedience to said order to sell the lands to make assets, and obtained license to do so on the usual terms.
The trustee, Roberts, claimed his right to sell under the trust, and according to its terms, and refused to permit the administrator to do so; but at the request of the administrator and the widow, sold according to the order of the Supreme Court: First, two-thirds of the land; then the reversion in the dower; and finally, the dower right, which *Page 305 
brought the sum of eight hundred dollars. The total sales of the said land was just sufficient to pay the debt to Roberts.
The estate of the intestate paid about forty per cent of its indebtedness. The widow demanded of the administrator three hundred and twenty dollars as her rateable share, being forty per cent of the value of her dower. This the administrator paid, and filed her receipt therefor, as a voucher for his disbursements, which was allowed by the Clerk. To this the plaintiffs, who were creditors of the intestate, excepted. The Clerk overruling the exception, the plaintiffs appealed to the Superior Court. In that court the judgment of the Clerk was (400) affirmed, and the plaintiffs again appealed.
Gilliam Pruden, contra, submitted: That Mrs. Creecy, the widow's receipt is a proper voucher for that:
1. Since the act of 1866, she has a vested right of dower in the lands of her husband, acquired after the marriage, of which his alienation could not divest her. Sutton v. Askew, 66 N.C. 172.
She conveyed that right to secure his debt to Roberts, and is his surety to that extent, and is entitled to be subrogated to the rights of the principal, Roberts, against her husband's personal estate to the amount of the payment made by her as surety, i.e., to 40 per cent of $800. 69 N.C. 67;Towe v. Newbold, 57 N.C. 212; Brinson v. Thomas, 55 N.C. 416
(bottom); Adams' Eq., 269; 1st Eq. Leading Cases, 144 and 153; 2nd do. 226, 577 and 591 (3d American edition).
2. Roberts having two funds, out of which to make his claim, exhausted the widow's only one, her equity of substitution to Roberts' rights against the second fund, the personal estate, is complete. Jones v. Zollicoffer,9 N.C. 625; Greenlee v. McDowell, 56 N.C. 325; Story's Eq. Juris., 625, and cases cited there.
3. Had Roberts looked to the personal assets first after selling two-thirds and reversion in land, he would have diminished that fund for the general creditor $320, and relieved the dower to the same extent. How are the general creditors damaged by the widow's claim then? "They lose not a cent." Roberts "gets but his due." "The widow gets back her dower diminished by her own charge." "The parties all have what they ought."Jones v. Zollicoffer, supra, specially Judge RUFFIN'S brief.
4. The widow is considered in equity assignee of Roberts' claim.Myrover v. French, 73 N.C. 609; Carter v. Jones, 40 (401) N.C. 196; 1st Leading Cases, 154 et seq. *Page 306 
5. The personal estate is the primary fund out of which to pay the trust debt in the absence of equities changing the rule. Story's Equity Jurisprudence, 532; Coke Littleton, Buller's Note, 2 Vol. 208 b; Packly v.Packly, 1st Vernon, 36.
Where a wife conveys her separate property to secure a debt of her husband's, the relation which she sustains to the transaction is that of surety. Purvis and Wife v. Carstarphen, 73 N.C. 575.
Here the wife joined her husband in the conveyance of his land in trust to pay his debt; in which land she had, under our dower statute, a vested right to dower, to be allotted after her husband's death; and she joined in the deed for the purpose of binding her dower. After her husband's death the whole land, her dower included, was sold under the trust deed to pay the debt. This made the wife a creditor of her husband's estate, to the amount of the value of her dower in the land. That is the only point in this case. And it was rightly decided by his Honor.
There is no error. This will be certified.
PER CURIAM. Judgment affirmed.
Cited: Gore v. Townsend, 105 N.C. 231; Trust Co. v. Benbow, 135 N.C. 312;Chemical Co. v. Walston, 187 N.C. 824, 825; Griffin v. Griffin,191 N.C. 229; Blower Co. v. Mackenzie, 197 N.C. 155, 158;Barnes v. Crawford, 201 N.C. 438; Trust Co. v. White,215 N.C. 566; Brown v. McLean, 217 N.C. 557; Smith v.Smith, 223 N.C. 437.
(402)