ROBERT SIMPSON and wife v. ZYLPHIA SIMPSON, et al.

*Execution Sale—Deeds, Probate of—Wills.*

1. Where the maker and both subscribing witnesses to a deed are dead, proof of the handwriting of one of the witnesses thereto is sufficient to authorize its probate and registration.

2. An equity of redemption cannot be sold under execution issued on a judgment rendered for the mortgage debt.

3. Where a power of sale in a will is conferred on two executors, one of whom dies, the power can be executed by the survivor.

4. Where a debtor executed a mortgage to his sureties to indemnify them, and afterwards the land was sold under execution issued on a judgment rendered against the principal debtor and one of the sureties, but the executor of one of the sureties was not served with process in such action, and he afterwards conveyed his testator's interest in the land, by virtue of a power conferred on him by the will, in which deed the other surety (mortgagee) joined; *Held,* that the grantee under such deed had the legal title to at least a moiety of the land, and it is intimated that the sale under the execution was inoperative, and the entire legal estate passed.

(*Burwick* v. *Wood,* 3 Jones, 306; *Davis* v. *Higgins,* 91 N. C., 382; *Camp* v. *Coxe,* 1 Dev. & Bat., 52, cited and approved. *Carrier* v. *Hampton,* 11 Ired., 307, corrected).

CIVIL ACTION for the recovery of land, tried before *MacRae, Judge,* at August Special Term, 1884, of UNION Superior Court.

The facts fully appear in the opinion.

There was a judgment for the defendants, and the plaintiffs appealed.

*Messrs. J. W. Hinsdale* and *W. P. Bynum,* for the plaintiffs.
*Messrs. J. J. Vann* and *D. A. Covington,* for the defendants.

SMITH, C. J. This action involves a controversy as to the title of the land described in the complaint, which the contesting parties respectively claim. By consent it was submitted to the Judge, in place of a jury, to ascertain and determine the facts, and his findings are as follows:

One Isaac Simpson owned the tract of 110 acres, within whose boundaries are included the land mentioned in the complaint and in the various deeds hereinafter mentioned, and he, on December 13th, 1858, conveyed the same to Robert Simpson, and Robert Simpson, on September 10th of the succeeding year, re-conveyed to his grantor Isaac.

Objection was made and overruled to the admission of the re-conveying deed in evidence, on the ground of an alleged insufficient probate to authorize registration. The probate was in this form:

NORTH CAROLINA, }
   UNION COUNTY.   }

Be it remembered that on this, the 4th day of August, 1884, personally appeared Zylphia Simpson, who, after being duly sworn, deposes and says, that she is acquainted with the handwriting of I. L. P. Simpson, a subscribing witness to the foregoing deed, and that his signature to said deed is in his own proper handwriting, and that said witness to said deed is dead, and that William T. Lemmond is also dead. It is therefore adjudged that said deed is sufficiently proven. Let it, with this certificate, be registered. This August 4th, 1884.

GEO. C. McLARTY, C. S C.

The exception was not pressed upon the hearing in this Court, and it is manifestly untenable under the rulings in *Barwick* v. *Wood*, 3 Jones, 306, and *Davis* v. *Higgins*, 91 N. C., 382, correcting the previous decision in *Carrier* v. *Hampton*, 11 Ired., 307.

Isaac Simpson on September 12th, 1859, conveyed the land by mortgage to William T. Lemmond and W. L. Simpson, who, by endorsement, had become sureties for him on a note for $312.50, due Robert Simpson on September 11th, 1859, one day after its date, to secure and indemnify them against loss or damage on account of their liabilities as such endorsers, but without any

power of sale conferred upon the mortgagees. Upon this note, suit was brought by the payee against the principal debtor, the surety, William L. Simpson, and J. Q. Lemmond and E. A. Lemmond, executors of the other surety, William T. Lemmond, who had died since the making the mortgage, to Fall Term, 1869, of Union Superior Court, the summons having been served on all except the executor last named, and judgment was entered for want of an answer. On this judgment a writ of *fieri facias* issued against all the defendants, including the executor upon whom no service had been made, on November 20th, 1869, to the sheriff, who proceeded to make a levy and sell fifty acres of land of the said Isaac Simpson for the inconsiderable sum of two dollars and a half, to one A. J. Hargett, as is shown in the official return to the writ, and on April 4th, 1870, conveyed the land to him by deed.

Some time in 1870, the precise date not being given, the mortgagee, W. L. Simpson, and J. Q. Lemmond, the surviving executor of the associate mortgagee—William T. Lemmond, the other executor, being dead—united in a deed conveying the land described in the mortgage to W. C. Ogburn, and he, the said Ogburn and wife, then executed their deed for the same to the *feme* plaintiff M. L. Simpson, who then was, and for eleven years previous had been, the wife of the plaintiff Robert.

It appears from the testimony of the said Robert, whose evidence reported by the Court, as understood, is accepted as proof of the fact testified, that the consideration of the last mentioned deed did not come from him, but was paid by his wife, to whom title was made; that he, the witness and plaintiff in the execution, knew nothing of the sale, and gave no directions concerning it, and told W. L. Simpson that Ogburn had settled with him for the $100; to make the deed to him, and credit that sum on the judgment.

Successive deeds were then exhibited for the premises as follows:

1. A. J. Hargett to H. P. Hargett, dated January 1st, 1871.

2. H. P. Hargett and wife to W. H. Simpson, dated March 27th, 1872.

3. W. H. Simpson to E. A. Simpson, October 28th, 1875, the latter being the husband of the defendant Zylphia and the father of the other defendants who were in possession.

The surviving mortgagee and surety obtained his discharge in bankruptcy on July 14th, 1873, operating on his indebtedness as existing on December 2nd, 1872, and the estate of the deceased mortgagee and co-surety, W. T. Lemmond, is insolvent, and will be exhausted in payment of judgments rendered against him in his life-time.

The other testimony, rather than the facts deduced from it, set out in the findings of the Court, is not material to the disposition of the appeal and is therefore not repeated.

In our opinion, upon the imperfect statements contained in the case, no estate, or, if any, only a moiety passed under the sheriff's sale and deed to A. J. Hargett, the purchaser, and consequently none other was transmitted through the subsequent deeds to E. A. Simpson, under whom the defendants claim.

The legal estate of Isaac Simpson had been divested more than ten years before that sale, and was in the sureties, mortgagees, when it took place; and while one of them, W. L. Simpson, was a defendant in the execution, the land was not levied on or sold as his, but as the property of the principal debtor, Isaac Simpson. The sheriff's return is, that he "levied on the *lands of the defendant Isaac Simpson, fifty acres,* more or less," and such interest only as he had in the premises was the subject matter of the attempted sale and conveyance to the purchaser. If a wide scope be allowed to this official action and the sale be regarded as made of a specific tract of land, described in the return as that of said Isaac, only for the purpose of identification, and passing the estate of the defendant W. L. Simpson, as mortgagee possessing a moiety thereof, a construction hardly admissible, the effect would be only to convey that legal moiety and not the full title to the purchaser.

The debtor Isaac had only an equity of redemption in the land conveyed for the indemnity of his endorsers, which, in legal effect, was to secure the payment of the debt, and thereby their discharge. His equity of redemption could not be sold under execution upon a judgment rendered for the mortgage debt, as is decided in *Camp* v. *Coxe*, 1 Dev. & Bat., 52, for reasons clear and convincing.

The plaintiff's title is derived as follows:

1. A mortgage deed executed September 12th, 1859, by Isaac Simpson to William T. Lemmond and W. L. Simpson, to secure them on their liability as endorsers of his note.

2. A deed from W. L. Simpson, surviving mortgagee, and J. Q. Lemmond, surviving executor of William T. Lemmond, the other executor having died in 1870, to W. C. Ogburn.

3. A deed from said Ogburn and wife to M. L. Simpson, wife of the plaintiff Robert, and his associate in prosecuting the action, to whom she had been married for eleven years prior to the execution of the deed.

4. A copy of the will of the testator William T. Lemmond, and the minutes of the County Court of Union of April Term, 1864, showing the qualifications of the executors, one of whom E. A. Lemmond, was dead at the time of making the deed to Ogburn.

The will is not before us so that we can see that a power to make sale of the land is vested in the executors, but such we must assume to be the fact of the case.

If the power is conferred, it could be exercised by the living executor in co-operation with the other mortgagee, if not at common law, by the express words of the statute, Bat. Rev., ch. 45, §116, reproduced in The Code, §1493.

If the entire legal estate vested in the mortgagees did not pass in the deed of 1870, to W. C. Ogburn, because of the execution sale, interrupted in the manner suggested—in which we are unwilling to concur—at least, that moiety did which was in the deceased mortgagee, and in either event the ruling which denies any

title to the plaintiffs is erroneous and entitles the plaintiffs to a new trial. It is so adjudged. Let this be certified in order thereto.

Error.                                           Reversed.