## McPETERS v. ENGLISH.

### (Filed May 22, 1906).

*Justices of the Peace—Jurisdiction—Judgment for Purchase Money of Land—Execution—Vendor and Vendee—Notes —Parol Evidence—Consideration.*

1.  A justice of the peace has jurisdiction to render judgment for the balance due on a note given for the purchase money of land.

2.  The interest of a vendee, who holds a bond for title to land, cannot be subjected to sale under execution upon a judgment rendered for the purchase money.

3.  In an action to recover upon a note given for the purchase money of land, parol evidence is competent to show the consideration of the note.

ACTION by W. W. McPeters and others against O. H. English and others, heard by *Judge T. A. McNeill* and a jury, at the October Term, 1905, of the Superior Court of MADISON.

This was an action for the recovery of a tract of land described in the complaint, defendants denying plaintiffs' title. The cause went to trial upon the usual issues. It appeared that the *locus in quo* was originally the property of one Abner Holcombe, Sr., and that he, on the 22nd day of January, 1872, executed a bond to Charles McPeters, the ancestor of the plaintiffs, whereby he obligated himself upon the payment of $200 for which he held the notes of said McPeters to execute to him a good and sufficient deed conveying the said land. That McPeters went into the possession thereof and failed to pay the full amount of the purchase money. That on the 23rd day of May, 1882, the said Holcombe recovered judgment against said McPeters before a justice of the peace for the sum of $97.50 with interest and costs. That in said judgment it was recited that it was for

"debt on land." That a transcript of said judgment was duly docketed in the Superior Court of Madison County, and execution issued, thereon, which was lost. It further appeared that on the 4th day of May, 1885, C. W. Tweed, sheriff of Madison County, by virtue of said execution, sold the said land at public auction and executed a deed therefor to J. B. Sams. It appeared that the said Charles McPeters undertook to assign by parol his interest in said land to his son, T. M. McPeters, with the understanding that he would pay the balance of said purchase money. That the defendants, W. M. Edmonds and others, took possession of said land in behalf of J. B. Sams, ousting the said T. M. McPeters. Thereafter the said T. M. McPeters conveyed his interest in said land to the defendants and said Sams; the defendants claimed title under the deed from the sheriff to Sams. Charles McPeters died in the year 1885, leaving the plaintiffs and said T. M. McPeters his heirs at law. The court instructed the jury that, "Charles McPeters having only a bond for title to the land in controversy at the time of the alleged sale by the sheriff under execution, said the sale was void and vested no title in the purchaser; and this is so, though you should find that the execution did issue upon a purchase money judgment, and you will disregard the said alleged sale in coming to your conclusion. To this instruction, the defendants excepted. Plaintiffs conceded that defendants owned the one-eighth interest of T. M. McPeters and His Honor so instructed the jury. The jury found that the plaintiffs were the owners of seven-eighths undivided interest, whereupon it was adjudged that they be let into possession of the said land of the defendants in respect to their interests. Defendants excepted and appealed.

*Zachary & Roberts* for the plaintiff.
*Gudger & McElroy* for the defendants.

Connor, J., after stating the facts: In the well prepared briefs of counsel for both parties, while it is conceded that there is but one exception, quite a number of points are discussed. We notice them only because we think there is some misapprehension of the real question involved. There can be no controversy that the justice had jurisdiction to render judgment for the balance due on the note for the purchase money of the land. This is clearly held in *Patterson v. Freeman,* 132 N. C., 357, and upon this judgment execution could issue against any property of the defendant other than the land for the purchase price of which it was given. For reasons hereinafter pointed out, no sale could be had, under execution issued upon this judgment, of the land for the purchase price of which the note was given. This is so, not because it is a justice's judgment; the same result would follow if the judgment had been rendered in the Superior Court. The fact that the note was given for the purchase money does not entitle the plaintiff to sell the equitable interest of the vendee. If the contract had been executed and a title made to the grantee, a judgment upon the note given for the purchase money thereof would have been collected by a sale of the land, and under the constitutional provision no homestead would have availed against such sale. We concur with the plaintiffs that testimony was competent to show the consideration of the note, although as pointed out, the statute prescribed the manner in which the judgment should be rendered, showing the consideration to have been the purchase money. These questions, however, do not in any manner affect the merits of this controversy. The difficulty with the defendants' title lies in the fact that McPeters had no such interest in the land as could be subjected to sale under an execution upon a judgment rendered for the purchase money. As between the parties, the relation of vendor and vendee has always been held to be substantially that of mortgagor and mortgagee, and it has always been held with unbroken uni-

formity that the mortgagee could not subject the equity of redemption of the mortgagor to sale for the mortgaged debt. This was first held in *Camp v. Coxe,* 18 N. C., 52, in which *Ruffin, C. J.,* points out with great clearness the reasons upon which the exception to the Act of 1812, Revisal, section 629, is based. He says: "It would not only open the door for oppression, and invite to it, but such a sale is in every case against the contract of the parties, as understood in a court of equity. That court relieves even against agreements between persons in a fiduciary relation, upon a principle of policy, to prevent frauds; much more ought it to protect one person, in the power of another, from loss by the use of a legal advantage, contrary to the agreement. The contract here was that the mortgagor might redeem. Will the court allow the mortgagee to cut him off from that equity at short hand? Such a position cannot be tolerated, nor could the Legislature have intended it. The act did not mean to interfere with the stipulations of the parties, as they might affect them, either at law or in equity. * * * If he is not satisfied with his security, the mortgagor's person and other property are open to him. Let him resort to them; but against the estate on which he has taken a security he ought not to act, but upon the footing of that security, and according to its terms in their established sense." *Simpson v. Simpson,* 93 N. C., 373; *Myrover v. French,* 73 N. C., 609. This doctrine is too well settled to require further citation of authority. See also *Tally v. Reid,* 72 N. C., 336, and *Mayo v. Staton,* 137 N. C., 670.

We are of the opinion that His Honor's instruction was clearly correct and the judgment must be

Affirmed.