ELSIE B. PARKER AND HER GUARDIAN, P. H. PARKER, v. E. H. HORTON
AND EULA A. HORTON.

(Filed 2 October, 1918.)

1. Bills and Notes—Interest—Maturity—Actions.

Interest due and payable under the terms of a written instrument may
be recovered in an action before the principal sum has become due.

2. Justices of the Peace—Courts—Jurisdiction—Bills and Notes—Land.

Where an action to recover interest due upon a note, according to its
terms, is cognizable in the court of a justice of the peace, his jurisdiction

is not ousted by reason of the note having been executed for the purchase of land.

**3. Justices of the Peace—Pleadings, Written—Admissions.**

Where the parties to an action before a justice of the peace have elected to file written pleadings, the pleadings are subject to the rule that material allegation in the complaint not denied by the answer stand admitted. Revisal, sec. 1458.

**4. Judgments—Pleadings—Admissions—Bills and Notes—Failure of Consideration—Infants—Deeds and Conveyances—Warranty.**

Where defendant alleges in his answer that a negotiable note sued on was given in the purchase of lands from the plaintiff and another, and a failure of consideration for want of title, but fails to deny the plaintiff's allegation that he is a holder of the instrument in due course, before maturity: *Held,* the question raised as to the consideration for the note prevents the rendition of a judgment against the defendant upon admission in the pleadings, which is not affected by the fact that the plaintiff was under twenty-one years of age when conveying the land, and may not be liable upon his warranty.

**5. Judgments—Pleadings—Admissions—Allegations in Answer—Evidence.**

In rendering judgment upon the pleadings, the matters alleged as a defense must be regarded and dealt with as if established by the evidence.

APPEAL by both parties from *Carter, J.,* at the July Term, 1918, of HERTFORD.

This is an action against E. H. Horton and Eula A. Horton to recover interest on a note before the principal became due, commenced before a justice of the peace and heard in the Superior Court on the appeal of the defendants.

The return of the justice shows that the plaintiff complained for an amount of interest due on a note and filed a written complaint, and that the defendants denied the right of the plaintiff to recover, and filed a written answer.

The written complaint of plaintiff alleged that on 24 July, 1912, the defendants executed their negotiable promissory note payable to Walter G. Connor, by which they promised to pay to his order on 1 July, 1919, the sum of $550, with interest from 1 January, 1913, payable annually; that on the 8th day of March, 1913, the said Walter G. Connor, for value and in due course, indorsed and transferred said note to Elsie B. Connor, who afterwards intermarried with P. H. Parker and is a plaintiff in this action, and that no part of the interest due on said note has been paid.

The answer of the defendant did not deny these allegations of the complaint, but it alleged that the note declared on by the plaintiff was given for the purchase money of the tract of land which the *plaintiff* and Walter G. Connor sold and conveyed to the defendants; that the

plaintiff and the said Connor warranted the title to said land, and that they had no title thereto, and that the defendants got nothing by the conveyance of said land.

While the action was pending in the Superior Court, Mrs. Eula A. Horton died and her administrator was made a party defendant by service of a summons returnable to the Superior Court ·on the first Monday in March, 1918, and commanding the administrator to answer the complaint which would be deposited in the office of the clerk within the first three days of said term.

No pleadings were filed after the administrator was made a party, nor was there any amendment to the original complaint.

In the Superior Court the plaintiff moved for judgment against both defendants upon the ground that there was no denial of the cause of action alleged in the complaint, and as the plaintiff was a holder of the note in due course, that the matters alleged in the answer were not available against her as a defense or setoff.

The motion was allowed as to the male defendant and denied as to the administrator because there was no pleading as to him, and to the refusal to enter judgment against the administrator the plaintiff excepted.

The defendants moved the court to be allowed to amend their answer or to file a new answer. This was denied and the defendants excepted.

The male defendant also excepted to the rendition of judgment against him on the ground that he had denied liability according to the return made by the justice of the peace. Both defendants also contended that the justice of the peace had no jurisdiction of the cause of action. The defendants also offered to introduce evidence which the court would not allow them to do.

Judgment was rendered on the pleadings in favor of the plaintiff against the male defendant, and both parties appealed.

*E. R. Tyler and Winborne & Winborne for plaintiff.*
*Alexander Lassiter and Gillam & Davenport for defendants.*

ALLEN, J. This action to recover interest before the principal became due can be maintained because by the terms of the note the interest is payable annually (*Bledsoe v. Nixon,* 69 N. C., 91; *Scott v. Fisher,* 110 N. C., 311), and the jurisdiction of the justice's court is not defeated by reason of the note being executed for the purchase of land. *McPeters v English,* 141 N. C., 491.

We have then an action properly constituted, of which the court had jurisdiction, and as it was pending before a justice of the peace the parties could, at their election, plead orally or in writing. "If oral,

the substance must be entered by the justice on his docket; if written, they must be filed by the justice and a reference to them be made on his docket." Revisal, sec. 1458.

They have elected to file written pleadings, and are subject to the rule that material allegations in the complaint not denied by the answer "stand admitted" (31 Cyc., 207), and as the allegations not denied show the plaintiff to be a purchaser for value of the note, a negotiable instrument, before maturity, and the amount of interest due, the plaintiff was entitled to judgment against the male defendant as upon admissions of the parties unless the matters alleged as a defense are available against the plaintiff. (*Bank v. Hatcher*, 151 N. C., 359.) And upon this question we would have no difficulty in approving the ruling of the Superior Court but for the allegation in the answer that the plaintiff and W. G. Connor sold the land to the defendants; that the note set out in the complaint was given for the purchase money, and that there was a total failure of title.

If these allegations are true, while the plaintiff, who is under twenty-one years of age, may not be liable upon a warranty, there is an entire failure of consideration, of which the plaintiff had knowledge as she participated in the sale, and she could not recover; and when judgment has been rendered upon the pleadings, we must deal with matters alleged in defense as if established by evidence. It follows that there is error in allowing the motion for judgment, and this makes it unnecessary to consider the other exceptions of the plaintiff and the defendants.

Reversed.