Controversy without action. The essential facts agreed are as follows:
1. Corbett Moore was a partnership composed of R. L. Corbett and W. M. Moore, and prior to 21 March, 1923, did a mercantile business in Macclesfield, N.C.
2. W. M. Moore, a member of said firm, died on 21 March, 1923, and L. E. Walston duly qualified as administrator of his estate.
3. After the death of W. M. Moore, J. S. Howard and R. L. Corbett were appointed receivers of the partnership assets of Corbett Moore, and they are now duly administering same under orders of court.
4. The partnership firm of Corbett Moore is indebted to the plaintiff in the sum of $12,357.84; and the full amount of said claim has been filed with the receivers and also with the administrator of the estate of W. M. Moore, deceased. *Page 819 
5. The assets of Corbett Moore are not sufficient to pay more than 35 per cent of the claims of the partnership creditors, and R. L. Corbett, the surviving partner, is insolvent.
6. W. M. Moore died seized and possessed of several lots or tracts of land in which his widow, the defendant Sue K. Moore, was entitled to dower; but the same were encumbered by deeds of trust in excess of their value, except a one-half interest in one lot in Macclesfield. All of said tracts of land have been sold at foreclosure sales under the respective deeds of trust. Two of said lots were conveyed to B. T. Pittman, trustee, to secure balance of purchase price of $8,200.00 on said lots, and brought only $7,600.00 at trustee's sale. Sue K. Moore joined in the execution of all the deeds of trust, relinquishing her dower interests therein.
7. The estate of W. M. Moore, deceased, will not exceed $9,000.00 in value; his individual debts amount to approximately $3,000.00, and the liabilities of the partnership firm of Corbett Moore will exceed $62,000.00.
8. The defendant, Sue K. Moore, has filed a claim with the administrator for what she alleges to be the present cash value of her dower interest in the several tracts of land sold under the trust deeds as aforesaid, estimating such dower upon the basis of the value of the several tracts as fixed by such sales.
Upon the facts agreed, it was adjudged by the court:
"1. That the claim of the plaintiff against Corbett Moore, which has been filed with the administrator of W. M. Moore, is entitled to prorate in the assets of the estate of W. M. Moore with the individual, open, unsecured creditors of W. M. Moore upon such portion of such claim as shall remain unpaid after first crediting thereon all dividends received from the estate of Corbett Moore, the copartnership primarily owing the same, i.e., that such claim is allowable against the estate of W. M. Moore only to the extent of the balance due thereon after crediting dividends received in the settlement of the partnership estate of Corbett Moore.
"2. That the indebtedness against the two tracts of land conveyed by W. M. Moore to B. T. Pittman, trustee, being for purchase money and the indebtedness being in excess of the value of the land, the defendant, Sue K. Moore, widow of W. M. Moore, is not seized of such a dower interest therein as would entitle her to prove any claim against her deceased husband's estate by reason of the foreclosure sale of said land under said trust deed.
"3. That as to the other parcels of land, the defendant, Sue K. Moore, is entitled to have the present cash value of her dower interest therein ascertained without respect to the mortgages thereon, such present cash *Page 820 
value to be ascertained upon the basis of the value of such land at the time of the death of W. M. Moore, and to have her claim for dower in the amount of the present cash value thereof as to ascertained allowed as an open, unsecured claim against the estate of W. M. Moore, and she is entitled to prorate thereon with the other open, unsecured creditors of W. M. Moore.
"4. That the defendant, Sue K. Moore, has not waived her right to dower and is in nowise estopped to set up and claim reimbursement out of the personal estate of W. M. Moore on account of the sale of her dower interest under the several trust deeds signed by her for the purpose of releasing her dower interest as security for the payment of the several amounts secured by such trust deeds, but that such claim has no priority over the other unsecured claims against the estate of W. M. Moore, deceased."
Upon exceptions duly entered, both sides appeal, assigning errors.
PLAINTIFF'S APPEAL.
There are only two questions presented by plaintiff's appeal, and they arise upon the following exceptions and assignments of error:
"1. For that his Honor erred in holding that the claim of plaintiff is allowable against the estate of W. M. Moore only to the extent of the balance due thereon after crediting dividends received in settlement of the partnership estate of Corbett Moore.
"2. For that his Honor erred in holding that the defendant, Sue K. Moore, has not waived her dower right."
It is the general rule in equity that partnership creditors are entitled to have the partnership assets first applied to the payment of the debts of the partnership, and the separate and private creditors of the individual partners are entitled to have the separate and private estate of the partners, with whom they have made individual contracts, first applied to their debts. The individual property of the respective partners is not to be applied in extinguishment of partnership liabilities until the separate and individual creditors of said partners have been satisfied, so that neither class of creditors may be allowed to trespass on the fund primarily liable to the other, until the claims of that other shall have been paid in full. Thus, only the excess of either fund would go in aid of the other; and this upon the principle that joint creditors should first look to the joint estate, and individual creditors to the separate estate of the partners, as joint creditors have presumably *Page 821 
extended credit upon the faith of the firm assets and the individual creditors on the faith of the separate estates of the respective partners.Hassell v. Griffin, 55 N.C. 117; 20 R. C. L., 1026.
But this reasoning does not obtain with respect to general partners where, by statute, as with us, they are made jointly and severally liable for the debts of the partnership, for the very good reason that the force and effect of the statute, to all intents and purposes, is to convert the creditors of the firm into individual creditors of each member of the partnership. C. S., 3259; Norfleet v. Ins. Co., 160 N.C. 327; Allen v.Grissom, 90 N.C. 90; Mode v. Penland, 93 N.C. 292; Hassell v. Griffin,supra. Hence, where the liability of partners is both joint and several, the inference is entirely permissible, and so understood among our merchants and in business circles, that credit is extended quite as often upon the reputed solvency of the individual members of a partnership, as upon the strength of the assets of the firm.
Speaking to this question in Rankin v. Jones, 55 N.C. 169, Pearson,J., said: "In Hassell v. Griffin, ante, 117, it is decided that the English doctrine, i. e., where, in consequence of the death or bankruptcy of a partner, a fund composed of the effects of the firm and individual effects is to be applied under the direction of a court of equity, the firm creditors are first to be paid out of the effects of the firm and the individual creditors out of the individual effects, the excess of either fund, if any, going in aid of the other, is so far affected by our statute making all contracts joint and several, and giving an action at law against the personal representative of a deceased joint obligor, that in this State individual creditors have no equity to insist that the individual effects shall be first applied to the payment of their debts. Whether the other branch of this doctrine obtains here, so as to give firm creditors an equity in regard to firm effects, is a question that we are not now called on to decide, because the doctrine, even in England, is not applicable to a case like that now under consideration."
And in Hassell v. Griffin, 55 N.C. p. 119, the same learned Justice further observed: "So, according to our law, a creditor of the firm is under no necessity of coming into equity, and of course the court of equity has no right to impose any terms upon him; and it is also a matter of course that a court of equity cannot, at the instance of an individual creditor, interfere and direct that the two funds should be applied, the one to pay firm debts in the first instance and the other to pay individual debts in the first instance, and the surplus of either fund to come in aid, for the plain reason that by the force and effect to the statute a creditor of the firm is made, to all intents and purposes, an individual creditor ofeach member of the firm. *Page 822 
"It being the pleasure of the makers of our law to put the creditor of a firm upon the footing both of a creditor of the firm and a creditor of each and every one of the members of the firm, the English doctrine can have no application, for the very ground upon which it is built is taken away, and a creditor of a firm, under our law, must be supposed to deal as well upon the credit of each member of the firm as of that of the firm, because he has a direct legal remedy against each and all of them."
Where the liability of general partners is joint and several, and the firm assets are not sufficient to pay the firm debts, the creditors of the partnership are entitled to have their claims allowed in full, both as against the assets of the firm and also as against the individual assets of a partner, to the end that they may thus concurrently enforce the two liabilities and obtain their ratable share of each fund. See In re Peck,206 N.Y. 55. This rule is stated by Walker, J., in Chemical Co. v.Edwards, 136 N.C. p. 76, as follows: "If a creditor has a right to resort to a fund which is open to him alone, he shall not be thereby precluded from coming in upon the assets of an insolvent estate which are common to all the creditors of the deceased debtor and obtaining a dividend on the full amount of his debt, subject to the common sense and necessary qualification that he does not receive more than the sum due."
It follows, therefore, that plaintiff's first exception, to the extent above indicated, must be sustained.
As to whether the individual and private creditors of the deceased partner, W. M. Moore, are entitled to share ratably with the creditors of the partnership in the deceased partner's interest in the firm assets, as well as in the separate assets of the estate of the deceased partner, is not before us for decision, and we refrain from any discussion of the matter. A determination of this question would call for a consideration of the rights of the surviving partner as well as those of the firm creditors, and the point is not raised by any exception appearing on the present record.
Plaintiff's second exception and assignment of error must be overruled as there is nothing in the facts agreed to show any waiver, on the part of Sue K. Moore, widow of W. M. Moore, of her right to dower. Trust Co. v.Stone, 176 N.C. 270; Lee v. Giles, 161 N.C. 541.
Error.
DEFENDANTS' APPEAL.