AMERICAN BLOWER COMPANY, A CORPORATION, ET AL., V.
B. MACKENZIE.

(Filed 1 May, 1929.)

**1. Dower B a—Definition of Inchoate Dower.**

Inchoate dower is not an estate in land but is a subsisting, substantial right of the wife in the lands of her husband during his life, possessing some of the incidents of property, and which has a present cash value capable of computation, and becomes a right of dower upon the husband's death if she survive him.

**2. Dower B b—Right of wife to cash value of inchoate dower as against creditors.**

Where the husband's lands are sold by a receiver appointed by the court, and the husband and wife join in the receiver's deed to the purchaser, who assumes prior mortgage indebtedness thereon, and the parties agree that the wife's inchoate dower shall attach to the proceeds of the sale, the sale is not a foreclosure of the prior mortgages and the wife's right of inchoate dower attaches to the proceeds of the sale, and the cash value of the inchoate right is computable and the wife is entitled thereto as against other creditors of the husband.

**3. Dower B b—Computation of present value of inchoate dower.**

The rule by which the present value of the wife's inchoate right of dower in her husband's lands is obtained is to ascertain the present value of an annuity for her life equal to the interest on one-third of the value of his lands to which her contingent right of dower attaches, and then deduct from the present value of the annuity for life the value of the annuity during the joint lives of herself and husband, the difference being the present value of her contingent right.

**4. Same—Mortgage encumbrances not deductible from value of inchoate dower—Mortuary Tables.**

The value of the wife's inchoate dower in the proceeds of sale of her living husband's lands upon which there are unpaid mortgages is calculated upon the value of the entire proceeds of sale of the lands without deduction of the mortgage indebtedness assumed by the purchaser, and as the individual and joint life expectancies according to the mortuary tables are dependent in part upon health and habits, the question of the present value of the inchoate right of dower must be submitted to a jury under proper instruction from the court unless otherwise agreed to by the parties interested.

**5. Dower A b—Lands or interests to which dower attaches.**

Where a wife joins in the mortgage conveyance of her husband to exclude her claim for inchoate dower therein, her relation to the transaction is that of surety, and should she survive him and the land is sold to satisfy the debt she becomes a creditor of the estate in the amount equal to her dower.

**6. Mortgages H a—Sale of mortgaged property by receiver of mortgagor is not foreclosure.**

　　Where the receiver of the insolvent husband, under order of court, sells and conveys the husband's lands, and the husband and wife join in his deed under agreement that her right of inchoate dower should attach to the proceeds, and the land sold is subject to prior mortgage liens which the purchaser at the sale assumes, the effect of the transaction is not a foreclosure of the mortgaged property either technically or substantially.

APPEAL by Ethel T. McKenzie, wife of defendant, from *Stack, J.*, at May Term, 1928, of GUILFORD. Error.

*Sidney J. Stern for appellant.*
*King, Sapp & King, Shuping & Hampton and J. S. Duncan for creditors.*
*Broadhurst & Robinson for receiver.*

ADAMS, J. This action was instituted by the American Blower Company to recover the sum of $5,422.10 with interest from 31 August, 1926, alleged to be due for appliances and equipment sold to the defendant. It was alleged in the complaint that the defendant was indebted in large amounts to sundry other creditors; that he was insolvent, and that the administration of his estate demanded the appointment of a receiver. Other creditors were given leave to join in the suit. Upon admission of all the allegations in the complaint Judge Oglesby, finding as a fact that the defendant was insolvent, appointed a receiver of his property. At this time the defendant was the owner in fee of two lots in the city of Greensboro. On the first lot was a deed of trust executed on 31 March, 1920, by the defendant and his wife to Julian Price, as trustee for the Jefferson Standard Life Insurance Company; on the second, a deed of trust executed by the defendant to the Atlantic Bank & Trust Company, as trustee for G. S. Boren and C. H. Andrews, on 18 March, 1925; and on both lots, a deed of trust dated 14 July, 1925, executed by the defendant and his wife to R. D. Douglas, as trustee for the Greensboro Bank & Trust Company. The deed held by Price was executed to secure an indebtedness of $20,000 evidenced by notes signed by the defendant and his wife, to whom the surplus in case of sale was to be paid—the remainder due on these notes and assumed by the purchaser being $17,451.61. The deed held by the Atlantic Bank & Trust Company was made to secure a debt of $71,500 as the purchase price of land, evidenced by notes signed by the defendant, to whom upon sale the surplus was to be paid—the remainder due and assumed by the purchaser being $45,750. The deed held by R. D. Douglas was

intended to secure notes signed by the defendant, to whom any surplus was to be paid, the remainder due and assumed by the purchaser being $30,304.61.

By an order of court the receiver was authorized to sell the defendant's assets by public auction or at private sale. He reported that he had received from C. C. Hudson an offer to pay $126,000 for the two lots on these terms: Hudson was to get a deed in fee with full covenants and was to assume payment of the deeds of trust; and all taxes and assessments against the property were to be paid by the receiver or credited on the amount offered. The defendant and his wife consented to join the receiver in conveying the property to Hudson for the purpose of releasing such right of homestead or inchoate right of dower as they were entitled to, with the understanding that the funds derived from the sale of the property should be impressed with such right of homestead or inchoate right of dower. The offer was accepted, and on 18 June, 1927, they and the receiver executed and delivered to Hudson, Incorporated, a deed in fee, in which is recited the purchaser's agreement to pay the amounts secured by the respective deeds of trust.

The receiver advertised for claims and among those presented was that of the defendant's wife, Ethel T. MacKenzie. She contended that as the funds were to be impressed with her inchoate right of dower she was entitled to $25,568.18 on this theory: her expectancy was 31.1 years and that of her husband 14.7 years; one-third of the income from the purchase price of the property was $2,530; the cash annuity of one dollar for 16.4 years (her expectancy beyond that of her husband) according to the annuity tables (C. S., 1791) is $10.106, and the cash value of an annuity of $2,530 for the same period is $25,568.18.

The receiver rejected this claim on the ground that during the life of the husband the wife had no vested interest or estate in his property which would entitle her to participate in the fund either as a preferred or as an unsecured creditor. Upon exceptions filed Judge Stack gave judgment as follows: that two-thirds of the amount available to creditors ($29,521.45) be paid ratably to the creditors whose claims had been allowed and that the remaining one-third be turned over to the clerk to be loaned on good security; that the income therefrom during the joint lives of the defendant and his wife, after payment of all taxes, be distributed from time to time ratably on the allowed claims; that if the claimant die before her husband the principal and undistributed interest be paid on such claim; that if she survive her husband the income be paid to her during her natural life or at her election the present cash value; and that after her death the fund be distributed

ratably among the creditors whose claims had been allowed. The claimant excepted and appealed.

In rendering judgment his Honor probably had in mind the principle stated in *Vartie v. Underwood,* 18 Barb. (N. Y.), 561, as it is given in *Gore v. Townsend,* 105 N. C., 228: "The wife's inchoate right in the husband's land follows the surplus moneys raised by a sale in virtue of the power of sale in a mortgage executed by her with her husband, and will be protected against the claims of the husband's creditors by directing one-third of such surplus moneys to be invested, and the interest only to be paid to the creditors during the joint lives of husband and wife." But the present appeal rests upon the wife's demand that the cash value of her inchoate right of dower be determined; it presents for review the questions whether the present pecuniary value of such right may be determined, and if it may whether the value of the land without deducting the debts secured by the deeds of trust shall form the basis of computation.

Inchoate dower or the inchoate right of dower is the interest which the wife has in the lands of her husband during his life and which may become a right of dower upon his death. Black's Law Dictionary. In *Gwathmey v. Pearce,* 74 N. C., 398, it is defined as a vested right to dower; in *S. v. Wincroft,* 76 N. C., 38, as a mere right which may never exist, not an estate in her husband's land; in *Gatewood v. Tomlinson,* 113 N. C., 312, as an inchoate right or estate in land, the enjoyment of which is postponed until the death of the husband; in *Rodman v. Robinson,* 134 N. C., 503, as a right which the wife has in her husband's land, contingent upon her surviving him; and in *Trust Co. v. Benbow,* 135 N. C., 303, as a valuable interest in land. In *Bethell v. McKinney,* 164 N. C., 71, it is said to be an existing encumbrance on land within the meaning of a covenant against encumbrances, and in *Corporation Commission v. Dunn,* 174 N. C., 679, quoting from 14 Cyc., 925, to be neither an estate nor an interest in land. Referring to the nature and incidents of this right, the Court said in *Gore v. Townsend, supra:* "It is true that the inchoate right of dower was never considered an estate of interest in a court of law, which did not even concede the power of the widow to convey her unassigned dower after the right had become consummate by the husband's death, but she might make a contract for the sale that would be enforced in a court of equity. *Potter v. Everett,* 42 N. C., 152; *Boyles v. Commissioners,* 40 Pa. St., 37. It must be remembered, however, that the discussion of the nature of the wife's interest in her husband's land has assumed a new phase since the enactment of the law restoring the common-law right of dower in North Carolina." And further: "2 Scribner Dower, 8, says: 'Although, therefore, an inchoate right of dower cannot be properly denominated an

estate in lands, nor, indeed, a vested interest therein, and, notwithstanding the difficulty of defining with accuracy the precise legal qualities of the interest, it may, nevertheless, be fairly deduced from the authorities that it is a substantial right, possessing in contemplation of law, the attributes of property, and to be estimated and valued as such.' It has many of the incidents of property. It has a present value that can be computed."

The inchoate right of dower is not an estate in land; it confers no control of the land or right of possession; but it is a subsisting, substantial right, possessing some of the incidents of property and having a present cash value which, as said by Scribner, is capable of computation. *Gore v. Townsend, supra;* 19 C. J., 493.

The last statement is at variance with the position that there is no scale or standard for ascertaining the present worth of the widow's inchoate right *(Reiff v. Horst,* 55 Md., 42), but it is in accord with the reasoning and conclusion of several courts which declare the law to be that such a standard does exist. These courts say that the present value of the wife's contingent right of dower during the life of the husband can be computed and that the correct rule of computation is to ascertain the present value of an annuity for her life, equal to the interest in the third of the proceeds of the estate to which her contingent right of dower attaches, and then to deduct from the present value of the annuity for her life, the value of a similar annuity depending upon the joint lives of herself and her husband. The difference between these two sums will be the present value of her contingent right of dower. *Jackson v. Edwards,* 7 Paige 386, 408; *Brown v. Brown,* 94 S. C., 492; *Strayer v. Long,* 86 Va., 557, 563; *Gordon v. Tweedy,* 74 Ala., 232, 49 A. R., 813. It is obvious that there is a difference between this rule and that for ascertaining the present worth of dower to which the wife is entitled after the death of her husband. One of its commendable features is the means by which the rights of the parties are presently determinable and by which the title to property is released from encumbrance or doubt.

This is the most feasible rule; but what is the basis upon which the computation shall be made? Is it the full value of the real estate ($126,000), or the full value less the amount due on the purchase price, or the full value less the amount remaining due on the two deeds of trust signed by the wife, or the surplus or net amount remaining after payment of the encumbrance? The receiver and the creditors say the basis last named is the correct one for the reason that the receiver's sale, in which the defendant and his wife took part, was in legal effect a foreclosure of the deeds of trust and that the claimant, if her husband were dead, would be dowable only in the surplus remaining after paying

the debts secured by the deeds of trust. Jones on Mortgages (6 ed.), sec. 666; Pingrey on Mortgages, sec. 2013; 2 Scribner on Dower, 607; Annotation to *Commercial B. & T. Co. v. Dudley,* 12 A. L. R., 1358; *Bailey v. Bailey,* 172 N. C., 671. The position implies that the deeds of trust have been foreclosed; but this implication the claimant protests and asserts that no foreclosure has taken place.

Foreclosure of a mortgage or deed of trust may be effected by a decree in equity by which the mortgagor's right to redeem the estate is defeated or by the execution of a power of sale contained in the mortgage or deed of trust without recourse to the courts. Whether in the case before us there was a foreclosure depends upon the legal effect of the transaction between the purchaser and the grantors in the receiver's deed. The purchaser's offer was to "assume" payment of the secured indebtedness; Judge Oglesby's order authorized conveyance of the mortgaged property to the purchaser, subject to the encumbrances; both the receiver's report and the receiver's deed refer to the deeds of trust as having been "assumed" by the purchaser. The record does not show whether these assumed debts have been paid; they may be yet outstanding. Nor does it appear that the trustees or the beneficiaries of the trusts were parties to the agreement between the grantors and the purchaser. For aught that appears in the record neither the trustees nor the beneficiaries have released the defendant and his wife from liability on their notes. The receiver conveyed subject to the encumbrances; the defendant and his wife by signing the receiver's deed conveyed their equity of redemption. C. S., 4100. We do not perceive how in these circumstances the conveyance to the purchaser constitutes a foreclosure of the trusts either technically or substantially. By consenting to join in the conveyance on condition that the funds derived from the sale should be impressed with such right of homestead or inchoate right of dower as they might be entitled to, the defendant and his wife intended merely to substitute their interest in the funds for their interest in the conveyed property. If the conveyance to Hudson had not been made what would have been the wife's interest in her husband's estate? Of course, an inchoate right of dower. To determine the present value of this right under the rule given above it is essential to ascertain the property of which she would have been dowable if at the date of the conveyance she had been the survivor of her husband. She would then have been entitled to an estate for her life in one-third in value of all lands and of all legal rights of redemption and equities of redemption whereof her husband was seized at any time during the coverture, subject to all valid encumbrances made during coverture with her free consent. C. S., 4100. She would have lost her right to dower as against the trustees in the deeds of trust or those claiming under them

to the extent necessary to protect the security and no further; but as against other persons her dower rights would have been paramount. 19 C. J., 485, sec. 85(2). This is so for two reasons: (1) the dower or right of dower may not be subjected during the widow's life to the payment of debts due from the estate of her husband (C. S., 4098); (2) if a wife joins her husband in the conveyance of her separate real estate to secure his debt or in the conveyance of his land, in which she has a right of dower, to secure his debt, the relation which she sustains to the transaction is that of surety; and if she survives him and the land is sold to satisfy the debt she becomes a creditor of his estate in an amount equal to the value of her dower. *Purvis v. Carstaphan*, 73 N. C., 575; *Gwathmey v. Pearce, supra; Gore v. Townsend, supra.* In such case upon what basis should the value of her dower be computed?

In *Chemical Co. v. Walston*, 187 N. C., 817, 824, it is said: "Prior to the execution of any mortgage the wife's inchoate right of dower was in the whole land. The fact that she executes the mortgage does not reduce her dower right to the excess over and above the mortgage encumbrance, but her dower in the whole tract is conveyed as security for the payment of the debt. The husband's 'legal rights of redemption and equities of redemption' (C. S., 4100) were in the whole tract, and hence the widow's claim for dower extends to the whole tract." As was observed in that case, in determining the widow's dower, the value of the land, without deducting the mortgage debt, should form the basis of computation. This is true not only as to the land described in the two deeds of trust which the claimant signed, but as to the land described in the deed to the Atlantic Bank & Trust Company as security for the purchase price. In *Overton v. Hinton*, 123 N. C., 1, it was held that a widow was entitled to dower in land purchased by her deceased husband who had executed notes for the purchase and had secured them by a deed of trust on the land. If the claimant were entitled to dower, the value of the land, without deducting the secured debts, would be the basis of computation; and this must be considered in computing the present value of her inchoate right of dower in the property of which she would be dowable as the survivor of her husband. The claimant is therefore entitled to the present cash value of her inchoate right of dower in the value of the land ($126,000) without deduction of the secured debts, to be determined according to the rule heretofore stated; and as the individual and joint life expectancies are dependent in part upon age, health, and habits (*Gore v. Townsend, supra*), the question of the present value of the inchoate right of dower must be submitted to a jury upon correct instructions, unless an agreement as to the amount can be reached by the interested parties.

Error.