MRS. MARGARET M. BROWN, WIDOW OF ALFRED W. BROWN, DECEASED, v. CARRIE L. McLEAN, ADMINISTRATRIX D. B. N., C. T. A., OF THE ESTATE OF ALFRED W. BROWN, DECEASED.

(Filed 8 May, 1940.)

**Dower § 2c: Executors and Administrators § 16—Where encumbered land is sold without bringing surplus, widow's claim of value of dower against her husband's estate has no priority.**

Where a wife joins with her husband in executing a mortgage or deed of trust on lands she thereby conveys her dower right as security for the debt, and while she has the right upon foreclosure after her husband's death to require the mortgagee to first sell the two-thirds of the land not embraced in the dower and the reversion thereof and if it does not bring an amount sufficient to pay the debt to file a general claim against the estate for the balance, and to sell the dowerable land only if pro rata payment out of the estate is insufficient to pay the debt in full, and even when she does not so protect her dower interest she is entitled to priority in the surplus after foreclosure, when she permits the mortgage or deed of trust to be foreclosed without protecting her dower right and the land brings only a sum sufficient to pay the mortgage debt, her claim no longer retains the status of dower, but she is in the position of a surety whose property has been sold to satisfy the debt of the principal, and her claim for the value of her dower in the encumbered land is a general claim against her husband's estate and has no priority.

APPEAL by plaintiff from *Sink, J.,* at First March Term, 1940, of MECKLENBURG. Affirmed.

Controversy without action to determine the rights of the plaintiff, widow, in the proceeds of a sale to make assets to pay debts.

Alfred W. Brown, husband of the plaintiff, died testate, seized and possessed of several parcels of land. Plaintiff dissented and claimed her statutory interest in his estate.

Several of the parcels of land of which the testator died seized and possessed were encumbered by mortgages or deeds of trust in which the plaintiff had joined her husband as a grantor, thereby conveying her dower interest as security for the respective debts. These liens have been foreclosed. Neither parcel so foreclosed brought any surplus in excess of the indebtedness due thereon.

All personal property not allotted to the plaintiff as her year's allowance has been exhausted and the estate of the testator is insolvent.

Claims, exclusive of the claim of the plaintiff, aggregating approximately $6,000 have been filed with and allowed by the defendant.

The defendant instituted a special proceedings to sell the unencumbered land to make assets to pay debts. One parcel has been sold and plaintiff contends that her claim in the agreed sum of $2,126.84, based on her loss of dower in the encumbered land, is entitled to priority in payment out of the proceeds of said sale and out of the proceeds of the sale of the other unencumbered land.

The court below held, as a matter of law, that plaintiff is not entitled to any preference in payment over the other unsecured creditors out of the proceeds of the sale of the unencumbered land and entered judgment accordingly. The plaintiff excepted and appealed.

*J. H. McLain for plaintiff, appellant.*
*Taliaferro & Clarkson and Carrie L. McLean for defendant, appellee.*

BARNHILL, J. It being admitted that the plaintiff has received the present cash value of her dower interest in the unencumbered land and that the estate of her husband is insolvent, the only question presented here is what is the status of her claim for reimbursement for the value of her dower interest in the encumbered land sold under mortgage signed by her—that is, is her claim preferred as against the claims of unsecured creditors and is she entitled to priority in payment out of the proceeds from the sale of unencumbered land to make assets?

Where a husband with the joinder of his wife has conveyed his land as security for a debt and after his death the lien is foreclosed and the land is sold under the mortgage or trust deed for an amount in excess of the debt, the widow's right of dower attaches to the excess fund arising from the sale and has priority as to such fund over the claims of unsecured creditors, for such surplus *pro hac vice* is still to be deemed real estate. *Chemical Co. v. Walston*, 187 N. C., 817, 123 S. E., 196.

The widow may, if she so elects, require the mortgagee to sell the two-thirds of the land not embraced in the dower and the reversion of the dower, apply the proceeds to the payment of the mortgage and then file claim for the residue of the debt as an unsecured claim against the

general estate of the deceased. If the ratable payment on this claim out of the general assets is insufficient to pay the balance due, then and only then may the mortgagee foreclose the dower interest. Thus, she may, if she desires, protect her dower in the encumbered land. *Creecy v. Pearce,* 69 N. C., 67; *Caroon v. Cooper,* 63 N. C., 387; *Smith v. Gilmer,* 64 N. C., 546; *Chemical Co. v. Walston, supra.* When seeking to protect her dower in encumbered property in this manner the widow must take her dower in each tract separately and work out her equity against each mortgagee as he seeks to enforce his security. *Chemical Co. v. Walston, supra,* and cases cited.

When the plaintiff joined her husband in the conveyance of his land in trust to secure his debts she joined for the purpose of conveying her dower and in so doing she became his surety to the extent of the value of her dower interest in the land. *Purvis v. Carstaphan,* 73 N. C., 575; *Gwathmey v. Pearce,* 74 N. C., 398; *Trust Co. v. Benbow,* 135 N. C., 303; *Gore v. Townsend,* 105 N. C., 232; *Chemical Co. v. Walston, supra.* As she suffered the encumbered land to be sold in foreclosure without demand for the protection of her dower interest therein, her dower was conveyed by the foreclosure deed and as to such tracts she is no longer a dowress. She is relegated to the position of a surety whose property has been sold to pay the debt of her principal and she becomes a creditor of her husband's estate to the extent of the value of her dower interest in the land foreclosed. *Trust Co. v. Benbow, supra; Blower Co. v. MacKenzie,* 197 N. C., 152, 147 S. E., 829; Mordecai's Law Lectures, p. 311. Her claim, thus accrued, has no greater priority in the administration of the assets of the principal than did the debt before its payment, C. S., 3964, and the debt of the mortgage remaining after the application of the security to the payment thereof is an open, unsecured debt.

The weakness in the position of the plaintiff lies in the fact that she is proceeding upon the assumption that she still possesses dower in the encumbered land which has been foreclosed and that her claim for the value thereof retains the status of dower. Whereas, when she suffered the land to be sold under foreclosure her dower was conveyed as authorized by the lien executed by her and she has lost all interest in such land. She is now nothing more than a surety seeking reimbursement for the loss she has sustained by reason of the fact that her property has been sold to pay the debt of her husband. Being a surety whose property has been sold to pay the debt of her principal she, in law, has a claim against her husband's estate, which claim stands in the same category as would the unsecured claim of the mortgagee.

The judgment of the court below is

Affirmed.