Civil action to establish a claim arising upon application of proceeds of fire insurance received upon the burning of property in which the dower of plaintiff was allotted and applied to discharge a debt of her deceased husband to which she was surety and which was secured by deed of trust on said property, and to have same declared a lien on land of which her husband died seized and which descended to defendant as his only child and sole heir at law. *Page 434 
Upon the admissions in the pleadings and verdict of the jury upon issues submitted, these facts, in substance, are incorporated in the judgment below:
1. John Claude Smith died intestate in Halifax County, North Carolina, on 7 November, 1939, seized of the land described in the complaint, among other, the Smith hotel building composed of a building or buildings located on lots 1001 through 1009 on the west side of Roanoke Avenue in the city of Roanoke Rapids, including a basement, hotel lobby, hotel store room, three store rooms on the ground floor, fifty hotel rooms and hallways on the second floor, and fire escape leading from the second floor to the ground, and also possessed of furniture and equipment in the hotel. He was survived by his widow, plaintiff, Mae B. Smith, and his only child and sole heir, defendant, Mary Ann Smith.
2. Prior to his death John Claude Smith with his wife, the plaintiff, Mae B. Smith, as surety, borrowed $50,000 and secured same by a deed of trust on the Smith hotel property above described and other property, but exclusive of the hotel furniture and equipment.
3. After the death of John Claude Smith, in an action by the administrator of his estate against the plaintiff here and the defendant here, as the widow and the sole heir of John Claude Smith, an order was entered by which the administrator was authorized to borrow $28,000.00, and to secure same by a second deed of trust on the Smith hotel property, exclusive of the hotel furniture and equipment, with which to pay debts of the intestate, except the balance due on the first mortgage indebtedness, by authority of which the loan as authorized was procured and secured.
4. Thereafter, there was allotted to plaintiff as her dower the portion of the building or buildings on lots 1001 through 1009 on the west side of Roanoke Avenue in the city of Roanoke Rapids, used in operating and carrying on Smith's hotel, comprising the lobby space, hotel store room and stairways on the ground floor, all of the second floor of the building, including fifty hotel rooms and hallways and the fire escapes leading from the second floor to the ground, and all furniture and equipment in the Smith hotel, which furniture and equipment had "been adjudged to be a part of and necessarily incident to said real estate."
5. After the dower was allotted to plaintiff, the administrator of John Claude Smith filed final account, which was duly audited, examined and approved by the clerk of the Superior Court of Halifax County.
6. Thereafter, a fire of unknown origin, over which plaintiff had no control and which did not arise out of her negligence, destroyed the Smith hotel building on the west side of Roanoke Avenue, and also the furniture and equipment in the hotel, and plaintiff's life estate in and to the same was thereby terminated or destroyed. *Page 435 
7. At the time of the said fire, insurance in the amount of $37,500.00 was in force on all of the building or buildings known as the Smith hotel building — the named insured and beneficiaries being "Mae B. Smith individually and/or Mae B. Smith, as Guardian of Mary Ann Smith, as their interests may appear," which insurance was pledged as collateral and additional security for the payment of the indebtedness secured by the first and second deeds of trust hereinabove referred to — premiums on said insurance having been apportioned between and paid by Mae B. Smith and Mary Ann Smith in the proportion that the value of "Mae B. Smith's dower estate in said buildings bore to the value of all of said property." Under this apportionment plaintiff paid 34 percent of the premiums, and received 34 percent of the rents and profits.
8. At the time of said fire, insurance was in effect on the furniture and equipment in Smith's hotel in the amount of $6,000.00 — the named insured and beneficiaries being "Mae B. Smith, individually, and/or Mae B. Smith as guardian of Mary Ann Smith, as their interests might appear" — all the premiums therefor having been paid by Mae B. Smith. This insurance was not pledged as collateral to the indebtedness secured by the deeds of trust above designated.
9. After the fire, the proceeds of the insurance on the buildings, $37,500.00, were paid to the holder of the balance of the indebtedness on first and second deeds of trust and applied to the payment thereof. And the proceeds of the insurance, $6,000.00, on the furniture and equipment in Smith's hotel were paid over to Mae B. Smith, individually, and as guardian of Mary Ann Smith, and are being held in a special account awaiting legal determination of defendant's interest therein.
10. As found by the jury (a) the life expectancy of Mae B. Smith is 28.2 years, (b) the value of lots 1001 through 1009 on the west side of Roanoke Avenue in the city of Roanoke Rapids, with all improvements thereon at the time of the fire, was $75,000.00, and (c) at the time of the fire value of plaintiff's dower estate in that portion of the buildings on lots 1001 through 1009 on the west side of Roanoke Avenue, in which the Smith's hotel was being carried on, was $25,500.00.
11. Based upon an expectancy of 28.2 years and a 6 percent annuity from 34 percent of the proceeds of insurance on the buildings, the court finds as a fact that the present cash value of plaintiff's interest in the proceeds of the insurance on said buildings is $10,283.90, with interest thereon from 12 February, 1943, the date on which the same was applied to pay the indebtedness secured by the deeds of trust, and concludes that to that extent plaintiff is a creditor of the estate of John Claude Smith, but that the debt therefor could not have been collected by action or other due proceeding from the administrator of the intestate — hence, the *Page 436 
defendant is liable for the debt, but not beyond the value of the property inherited by her from John Claude Smith.
12. Based upon expectancy of 28.2 years and a 6 percent annuity in all of the proceeds of the insurance on the furniture and equipment in Smith's hotel, the present cash value of plaintiff's interest the court finds is $4,839.48.
Upon the foregoing findings of fact and conclusions of law the court adjudged: (1) That as between the plaintiff and the defendant, plaintiff is the owner of and entitled to $4,839.48 of the proceeds of insurance on the furniture and fixtures in Smith's hotel, and directs the guardian of Mary Ann Smith to pay same to Mae B. Smith, the plaintiff, individually; (2) That the plaintiff Mae B. Smith recover of Mary Ann Smith the sum of $10,283.90, with interest thereon from 12 February, 1943, for the payment of which a specific lien is given (a) upon the defendant's interest in the proceeds of insurance on furniture and fixtures in Smith's hotel, $1,160.52, and directs the guardian of Mary Ann Smith to pay the same to Mae B. Smith, individually, to be credited and applied on this judgment; and (b) upon all of the right, title, interest and estate in and to all of the real estate, specifically described by reference, which the defendant Mary Ann Smith inherited from John Claude Smith.
Defendant appeals to the Supreme Court and assigns error.
The only exception appearing in the record on this appeal is "to the judgment as rendered by the court" below. This presents for decision only the question whether error appears on the face of the record. Cooper v.Cooper, 221 N.C. 124, 19 S.E.2d 237; Query v. Ins. Co., 218 N.C. 386,11 S.E.2d 139; Jones v. Griggs, 219 N.C. 700, 14 S.E.2d 836, and numerous other cases. See N.C. Digest, subject Appeal and Error, key number 274 (7). Moreover, the judgment being an essential part of the record, the Court will take notice of errors appearing in it, correct them and enter such judgment upon the facts established as in law ought to be rendered. Thornton v. Brady, 100 N.C. 38, 5 S.E. 910, and many other later cases. See Shepard's N.C. Citations.
In the case in hand error appears upon the face of the judgment.
First: It appears that the furniture and equipment in Smith's hotel were adjudged to be a part of and necessarily incident to the real estate, that is, the hotel building, and that same were allotted to and accepted by plaintiff as real estate and as part of her dower. The jury has found *Page 437 
that at the time of the fire the value of plaintiff's dower estate in the portion of the building in which Smith's hotel was being carried on was $25,500.00. Of this valuation the furniture and equipment having been considered a part of the real estate, the value of them must necessarily have been at least $6,000.00, the amount for which same were insured, leaving no more than $19,500.00 as the value of plaintiff's dower in the building itself rather than $25,500.00 upon which the present cash value of her annuity for life in the proceeds of the insurance on the building was calculated. And if the value of the furniture and equipment was greater than $6,000.00, for which it was insured, the value of plaintiff's dower in the building itself should be proportionately reduced and the present cash value ascertained accordingly.
Second: The annuity should have been computed at four and one-half percent, and not at six percent. The statute, C. S., 1791, provides that: "When a person is entitled to the use of a sum of money for life, or for a given time, the interest thereon for one year may, computed at four and one-half percent, be considered as an annuity and the present cash value be ascertained as herein provided."
Other than as here indicated the judgment entered appears to be in accordance with well settled principles of law. See Purvis v. Carstaphan,73 N.C. 575; Gwathmey v. Pearce, 74 N.C. 398; Gore v. Townsend,105 N.C. 228, 11 S.E. 160; Foster v. Davis, 175 N.C. 541, 95 S.E. 917;Chemical Co. v. Walston, 187 N.C. 817, 123 S.E. 196; Blower v.MacKenzie, 197 N.C. 152, 147 S.E. 829; Barnes v. Crawford, 201 N.C. 434,160 S.E. 464; Brown v. McLean, 217 N.C. 555, 8 S.E.2d 807; see also C. S., 59-60; Badger v. Daniel, 79 N.C. 372; Moffitt v. Davis,205 N.C. 565, 172 S.E. 317; Price v. Askins, 212 N.C. 583,194 S.E. 284.
The cause is remanded to the end that the value of the furniture and hotel equipment be ascertained and calculations made in accordance with this opinion and for judgment.
Error and remanded.