OLIVIA B. JONES, EXECUTRIX OF THE WILL OF DAVID A. JONES, DECEASED, v. MRS. EDNA JONES CALLAHAN AND HUSBAND, H. G. CALLAHAN.

(Filed 21 September, 1955.)

**1. Descent and Distribution § 2—**

Where a will disposes of certain designated property and then directs that all the other property, both real and personal, owned by testator should descend and be considered as though testator had died intestate, *held*, testator died testate as to his entire estate, the descent and distribu-

tion of the residue of the estate in accordance with the rules of intestacy being by direction of the will.

**2. Wills § 31—**

In construing a will, the primary inquiry is to ascertain the testator's intent.

**3. Wills § 36—**

A bequest of all testator's household and kitchen furniture, jewelry, clothing, and other articles of personal property used in and around his home, to his wife, does not include, nothing else appearing, an automobile owned by testator at the time of his death, but the car passes under the residuary clause.

**4. Estates § 16: Wills § 32½—**

U. S. War Bonds, Series E, registered in testator's name, payable on death to his daughter, purchased prior to testator's second marriage, and in his possession at the time of death, belong to the daughter not under the will, but under the terms of the bonds, and are not to be considered in the settlement of testator's estate in the absence of any provision in the will in regard thereto.

**5. Descent and Distribution § 13—**

Where testator purchases war bonds payable upon his death to his daughter, but dies in possession of the bonds, the bonds may not be considered an advancement in the settlement of the estate in accordance with the statute of distribution under directions of the will, since an advancement must be a gift *in presenti.*

**6. Executors and Administrators § 15g—**

The right of a widow to a year's support for herself and children is solely statutory, G.S. 30-15, and the statute does not apply unless the husband dies intestate or the widow dissents from his will.

**7. Dower § 3—**

Where the wife joins in her husband's deeds in fee simple, duly executed and acknowledged, she conveys her inchoate right of dower, and upon his death she may not contend that her right of dower in the lands conveyed should be taken into consideration in determining her share of the estate.

**8. Wills § 31—**

Nothing else appearing, it must be presumed that testator intended to dispose only of the property owned by him at the time of his death.

**9. Dower § 2—**

Testator owned two tracts of land. He devised one of them to his wife, and provided that the other tract and his personalty should descend and be distributed in accordance with the applicable rules of descent and distribution as in case of *intestacy. Held:* The widow is entitled to dower as to the second tract.

**10. Costs § 4b—**

Where the controversy involves the rights of two persons in the distribution of an estate, and the final adjudication upholds the contentions of

neither in their entirety, direction that the costs be paid as a part of the costs of administration is not prejudicial, since the cost so taxed ultimately will fall equally on each.

**11. Appeal and Error § 11—**

Where both parties appeal and the judgment is affirmed, the costs in the Supreme Court will be taxed one half against each party.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEALS by plaintiff and defendants from *Fountain, Special Judge,* May Term, 1955, of BEAUFORT.

Controversy without action under G.S. 1-250, submitted upon an agreed case "containing the facts upon which the controversy depends."

David A. Jones died 13 July, 1954. Olivia B. Jones is his widow and executrix of his Will. Mrs. Edna Jones Callahan, his only child, is the child of his first wife, from whom he was divorced. These are the only persons who have any interest in his estate. What are their respective interests?

The Will of David A. Jones contained these provisions:

"ITEM II: I will and bequeath all of my household and kitchen furniture, jewelry, clothing and other articles of personal property used in and around my home that I may own at my death to my beloved wife, Olivia B. Jones, absolutely and in fee simple.

"ITEM III: I will, devise and bequeath the house and lot located on the South side of New Street in South Creek, North Carolina; it being one-half of an acre, more or less, and the house being the one in which my wife, Olivia B. Jones and I presently reside, to my beloved wife, Olivia B. Jones, absolutely and in fee simple.

"ITEM IV: It is my will and desire, with respect to all of my other property of whatsoever nature and wheresoever situate, both real and personal, that it descend and be considered as if I had died intestate under the laws of intestacy."

The assets identified in the agreed case are:

Real property: The residence devised to the widow in ITEM III. Admittedly, she is the sole owner thereof as devisee. The only other real property is a lot, approximately an acre, value undisclosed.

Personal property: (1) Bank deposits aggregating $5,186.75; (2) a 1950 two-door secondhand Ford automobile; (3) an old gas boat; (4) an old outboard motor and several used fishing nets; and (5) 19 U. S. War Bonds, Series E, each in the maturity value of $50.00, registered in the name of David A. Jones, payable on death to Miss Edna L. Jones (his said daughter), all of which have matured.

The questions posed for decision will be stated in the opinion. From the judgment, both plaintiff and defendants appealed, excepting to and assigning as error the portions thereof adverse to their respective contentions.

*Grimes & Grimes for plaintiff, appellant.*
*Carter & Ross for defendants, appellees.*

BOBBITT, J. David A. Jones died *testate.* His Will disposed of all assets *constituting his estate.* Our primary inquiry is to ascertain the testator's intent. *Trust Co. v. Miller,* 223 N.C. 1, 25 S.E. 2d 177. With this in mind, we consider each item in controversy.

### PLAINTIFF'S APPEAL.

1. *Ford car.* The agreed case states simply that the testator "had one 1950 two-door secondhand Ford automobile." Nothing else appearing, the Ford car is not comprehended in the bequest to the widow in ITEM II of "all of my household and kitchen furniture, jewelry, clothing and other articles of personal property *used in and around* my home." (Italics added.) On the contrary, it passed under ITEM IV, which comprehended all undesignated property. The court below so ruled.

2. *War Bonds.* The agreed case gives no information as to when or by whom the bonds were purchased. From the facts (1) that they were purchased before Mrs. Callahan was married, and (2) that they have matured, we may well infer that they were purchased years ago. Be that as it may, the testator had possession thereof until his death. He could have cashed them at any time. No delivery thereof was made to Mrs. Callahan during the testator's life. The executrix properly delivered these bonds to Mrs. Callahan; for, upon the testator's death, she became the sole owner thereof, not under the Will but under the terms of the bonds. *Ervin v. Conn,* 225 N.C. 267, 34 S.E. 2d 402; *Watkins v. Shaw, Comr. of Revenue,* 234 N.C. 96, 65 S.E. 2d 881.

Plaintiff's contention that Mrs. Callahan must account for the value of these bonds as an advancement is untenable. These bonds, retained by the testator until his death, do not fall within the definition of an advancement, to wit, "an *irrevocable* gift *in presenti* of money or of property, real or personal, to a child by a parent, to enable the donee to *anticipate* his inheritance or succession to the extent of the gift." (Italics added.) *Thompson v. Smith,* 160 N.C. 256, 75 S.E. 1010.

Mrs. Callahan's ownership of the bonds is not affected by the Will. They are not to be considered in the settlement of testator's estate. The court below so ruled.

3. *Year's Support.* The widow claims, for herself (G.S. 30-15) and for her child by a former marriage (G.S. 30-17), allowances for a year's support. The right to such allowances is statutory. *Broadnax v. Broadnax,* 160 N.C. 432, 76 S.E. 216. G.S. 30-15, by its express terms, is applicable only to the "widow of an intestate, or of a testator from whose will she has dissented." Here the widow did not dissent, but elected to take under the Will. *Perkins v. Brinkley,* 133 N.C. 86, 45 S.E. 465. As to the widow's child (by a former marriage), a statement of the contentions of plaintiff furnishes our only information concerning this child. The agreed case contains no statement of facts as to her status. Even so, G.S. 30-17 has no application; for this statute, by its terms, its history, and when considered with the other provisions of G.S. Ch. 30, Art. 4, has reference only to the estate of an *intestate* or at most to an estate where the widow dissents from the Will. The court below so ruled.

4. *Dower.* The widow contends, not only that she is entitled to dower in the undesignated lot passing under ITEM IV, but that in the allotment of dower certain land previously conveyed by David A. Jones and wife, Olivia B. Jones, must be taken into account. This land was sold and conveyed to a purchaser in January, 1953, by fee simple warranty deed, duly executed and acknowledged. This deed conveyed the husband's title and the wife's inchoate right of dower. G.S. 30-7.

Decisions such as *Chemical Co. v. Walston,* 187 N.C. 817, 123 S.E. 196, and *Brown v. McLean,* 217 N.C. 555, 8 S.E. 2d 807, have no application. In these cases, the lands involved were owned by the decedent at his death and constituted a part of his estate; and the wife's joinder in a mortgage or deed of trust then outstanding was deemed a conveyance of her inchoate right of dower only as security for the decedent's debt. Hence, the widow was entitled to have the assets of her husband's estate applied to the payment of *his* debts without impairment of her right of dower.

The land so conveyed in 1953 was not owned by the testator when he died. Since he did not own it, the suggestion that he intended that it be considered in the settlement of his estate is without merit. Nothing else appearing, it must be presumed that a testator intends to dispose only of property owned by him. *Bank v. Misenheimer,* 211 N.C. 519, 191 S.E. 14. The court below properly ruled that this previously conveyed land should not be considered in the allotment of dower.

For the reasons stated, plaintiff's assignments of error are overruled.

### DEFENDANTS' APPEAL.

The sole basis of defendants' appeal is the court's ruling that the widow is entitled to dower in the lot passing under ITEM IV.

Decedent died testate as to his entire estate. The proper construction of his will, in our opinion, is that he intended that the assets not designated in any bequest or devise should descend and be distributed according to the applicable rules of descent and distribution in case of intestacy. Thus, as to undesignated real property, Mrs. Callahan takes as testator's lineal descendant, G.S. 29-1, Rule 1, subject to the widow's right of dower therein, G.S. 30-5; and as to undesignated personal property, this is to be equally distributed between the testator's widow and his only child. G.S. 28-149 (1).

For the reasons stated, defendants' assignments of error are overruled.

The judgment below provides that the costs be paid by the executrix as part of the costs of administration. If this ruling is erroneous, no prejudicial error is made to appear; for under the decision there and here, the costs so taxed ultimately will fall equally upon the widow (plaintiff) and the child (*feme* defendant). Since the judgment is affirmed, in respect of both appeals, the costs in this Court will be taxed one-half to the widow and one-half to the child.

On plaintiff's appeal: Affirmed.

On defendants' appeal: Affirmed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.